# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AARON J. HECHT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-4118-DDC-TJJ |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

Plaintiff commenced this action *pro se* on December 21, 2017, by filing a Complaint (ECF No. 1) alleging the Internal Revenue Service was unfair in its determination on appeal that Plaintiff is not entitled to a refund.[1] This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit … [if] the person is unable to pay such fees or give security therefor."

---

[1] Compl. at III, ECF No. 1.

1

To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Based on the information contained in his Affidavit of Financial Status (ECF No. 3), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff is currently employed and claims $8,813.33 in combined monthly income.[2] Plaintiff claims total monthly expenses of $4,450.00.[3] Because Plaintiff's combined monthly income exceeds his monthly expenses, the Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury*[4] has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiff's motion.

## RECOMMENDATION

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full filing fee of $400 within 30 days in order for this action to proceed and cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

---

[2] Aff. Fin. Stat. at II, ECF No. 3 (Plaintiff's claimed monthly income includes Plaintiff's monthly income and his spouse's monthly income).

[3] *Id.* at III(B); *Id.* at IV.

[4] No. 04-5087, 2005 WL 1231928, at *2 (10th Cir. May 25, 2005).

Respectfully submitted.

Dated in Kansas City, Kansas this 5th day of January, 2018.

>                             *s/ Teresa J. James*
>                             Teresa J. James
>                             United States Magistrate Judge