# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AARON J. HECHT,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

Case No. 17-4118-DDC-TJJ

## MEMORANDUM AND ORDER

On July 23, 2018, the court entered an Order and Judgment dismissing pro se plaintiff Aaron Hecht's Complaint against the Internal Revenue Service ("IRS"). Plaintiff's original deadline to serve process was March 21, 2018, under Fed. R. Civ. P. 4(m). Doc. 6 at 1. But Magistrate Judge Teresa J. James extended plaintiff's deadline to June 19, 2018, because plaintiff paid his filing fee almost two months after filing his Complaint. *Id.* Plaintiff failed to serve his Complaint timely, missing the modified June 19 deadline. Doc. 7 at 1. So, the court required plaintiff to show good cause in writing, by July 11, 2018, why the court should not dismiss his case for failing to serve the Summons and Complaint on defendant by the June 19 deadline. *Id.*

As things stood on July 23, 2018, plaintiff still had not served process on defendant or responded to the court's Show Cause Order. Docs. 8, 9. So, the court entered judgment dismissing plaintiff's Complaint without prejudice. *Id.* But when it dismissed the Complaint, the court mistakenly overlooked a letter plaintiff had directed to the court. Doc. 10. The court received it on July 12, 2018—one day after the July 11 deadline the court had established for plaintiff to file his Response to the Show Cause Order. *Id.*

Under Fed. R. Civ. P. 60(a), a court may

> correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

A district court cannot "clarify a judgment pursuant to Rule 60(a) to reflect a new subsequent intent because it perceives its original judgment to be incorrect." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992). Rule 60(a) does not extend to modifications based on "mistake[s] of law." *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (quoting *United States v. Whittington*, 918 F.2d 149, 150 n.1 (11th Cir. 1990)). It also does not allow alterations of "missteps involving substantive legal reasoning." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011). Any changes the court elects to make under Rule 60(a) "should require no additional proof." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989); *Trujillo v. Longhorn Mfg. Co., Inc.*, 694 F.2d 221, 226 (10th Cir. 1982).

But Rule 60(a) distinguishes between "substantive change[s] or amendment[s]" and "amended conclusions and judgment . . . in the nature of corrections," which the Rule permits. *Kelley v. Bank Bldg. & Equip. Corp. of Am.*, 453 F.2d 774, 778 (10th Cir. 1972); *see also Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980) ("It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake."). The court can correct mistakes that are "'mechanical in nature [and] . . . apparent on the record,'" not mistakes that "'involve a legal decision or judgment by an attorney.'" *Doebele v. Sprint Corp.*, 168 F. Supp. 2d 1247, 1251–53 (D. Kan. 2001) (Vratil, J.) (quoting *Fine v. U.S. Dep't of Energy, Office of Inspector Gen.*, 830 F. Supp. 570, 573 (D.N.M. 1993)). For example, under Fed. R. Civ. P. 60(a), our court has corrected miscalculated money damages because it "inadvertently misread" an exhibit. *Audiotext*

*Comm'cns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1997 WL 49123, at *1 (D. Kan. Jan. 28, 1997) (Van Bebber, J.).

In this case, the court overlooked plaintiff's letter when it decided to dismiss plaintiff's Complaint without prejudice. Here, the court does not reconsider the law on which it based its decision. The court also does not reevaluate the merits of or rationale for its Order of Dismissal or Judgment. But for the oversight of plaintiff's letter, the court would have concluded that dismissal could not be based on plaintiff's failure to respond to the court's Show Cause Order, because plaintiff did respond in writing one day after the court's deadline.

The court recognizes that this correction does not reflect its original intent—the court "deliberately" dismissed plaintiff's Complaint without prejudice. *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989). But the court did not have before it the complete record needed to make an accurate decision in plaintiff's case. The court's determination to set aside the judgment does not require the parties to provide further proof or legal arguments. Also, the judgment has not been appealed yet, and the court need not seek the leave of the appellate court to alter the judgment of dismissal. To prevent plaintiff from paying additional filing fees, the court, on its own motion, vacates the dismissal to allow it to consider the merits of plaintiff's July 12, 2018, Response to the court's Show Cause Order (Doc. 10).

**IT IS THEREFORE ORDERED THAT** the Order dismissing plaintiff's Complaint without prejudice (Doc. 8) and Judgment (Doc. 9) are vacated.

**IT IS SO ORDERED.**

**Dated this 31st day of August, 2018, at Kansas City, Kansas.**

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**