# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AARON J. HECHT,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

Case No. 17-4118-DDC-TJJ

## MEMORANDUM AND ORDER

On August 31, 2018, the court entered an Order vacating an earlier Order of Dismissal without prejudice (Doc. 8) and Judgment (Doc. 9) in pro se plaintiff Aaron Hecht's case against the Internal Revenue Service ("IRS"). Doc. 11. In its August 31 Order, the court explained that it had overlooked plaintiff's Response (Doc. 10) to the court's earlier Show Cause Order (Doc. 7). Now, the court has considered plaintiff's Response. For reasons explained below, the court exercises its discretion and affords plaintiff an additional 30 days from the date of this Order to serve defendant. Plaintiff's new deadline for serving process is **October 1, 2018**.

Because plaintiff filed his Complaint pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006) ("*Pro se* pleadings are liberally construed."). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110

(noting that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant").  Likewise, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se parties "follow the same rules of procedure that govern other litigants")).

Fed. R. Civ. P. 4(m) requires a plaintiff to serve each defendant in a case with a copy of the summons and complaint within 90 days after the plaintiff files the complaint.  And, if a plaintiff fails to meet that deadline, the court either must "dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The court has discretion under Rule 4(m) to "extend the time for service even when the plaintiff has not shown good cause."  *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995) (noting that the "plain language of Rule 4(m) . . . broadens the district court's discretion" beyond the discretion that Rule 4(m) previously allowed).

Plaintiff's original deadline to serve process under Fed. R. Civ. P. 4(m) was March 21, 2018.  *See* Doc. 1 (showing that plaintiff filed his Complaint on December 21, 2017, resulting in a 90-day deadline of March 21, 2018).  Later, Magistrate Judge Teresa J. James extended plaintiff's deadline to June 19, 2018, because plaintiff paid his filing fee almost two months after filing his Complaint.  Doc. 6 at 1.  But plaintiff failed to serve his Complaint timely, missing the modified June 19 deadline.  Doc. 7 at 1.  So, the court required plaintiff to show good cause in writing by July 11, 2018, why the court should not dismiss his case for failing to serve the Summons and Complaint on defendant by the June 19 deadline.  *Id.*  The court received plaintiff's Response on July 12, 2018.  Doc. 10.

Plaintiff asserts three principal reasons why he did not serve the Summons and Complaint by the June 19 extended deadline. First, when he filed his Response, plaintiff had not hired an attorney for financial reasons. Doc. 10 at 1. Second, plaintiff explains that he was confused about the court's correspondence for service of process procedures and deadlines in his case. *Id.* at 1–2. Specifically, plaintiff notes that he did not realize when his 90 days to make service began to run. *Id.* at 1. Third, plaintiff asserts that his work and family commitments prevented him from serving defendant by the extended June 19 deadline. *Id.* at 1–2.

The court applies the "less stringent" pro se standard to plaintiff's pleadings and filings because he remains a pro se party. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court understands the challenges involved in filing a civil suit. The court also appreciates the scheduling issues that plaintiff raises. But the court cannot accommodate indefinitely the barriers to serving process that plaintiff describes in his Response. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (concluding that a party's "*pro se* status does not excuse the obligation of [that] litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure"). Defendant is entitled to due process through "notice [that is] reasonably calculated, under all the circumstances, to apprise [it] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). And, as plaintiff recognizes in his Response, procedural deadlines matter. Doc. 10 at 2. Despite proceeding pro se, plaintiff must hit the same procedural marks that all parties appearing before a federal court must meet.

Nevertheless, in its discretion, the court will provide plaintiff one more opportunity to serve defendant here. Overlooking plaintiff's Response caused the court to dismiss plaintiff's Complaint without prejudice because the court mistakenly concluded that plaintiff had not

3

responded to the Show Cause Order.  And the court concluded that plaintiff should not have to pay a second set of filing fees if he chooses to file his case again.  So, because the court has vacated its Order and Judgment dismissing plaintiff's case on its own motion, the court grants plaintiff an additional 30-day extension of time, until October 1, 2018, to serve defendant in this case.

**IT IS THEREFORE ORDERED THAT** plaintiff is granted an additional 30 days, until **October 1, 2018**, to serve defendant.

**IT IS SO ORDERED.**

**Dated this 31st day of August, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**