IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AARON J. HECHT,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 17-4118-DDC-TJJ |

## MEMORANDUM AND ORDER

On December 13, 2018, the court dismissed pro se plaintiff[1] Aaron J. Hecht's case without prejudice under Federal Rule of Civil Procedure 4(m) because plaintiff had failed to serve defendant. Now, this matter is before the court on a letter from plaintiff that has been docketed as a "Motion for Relief from Judgment" (Doc. 17). For reasons explained below, the court denies plaintiff's Motion.

**I.     Background**

Plaintiff filed his Complaint in this case on December 21, 2017. Doc. 1. His original deadline to serve process was March 21, 2018, under Fed. R. Civ. P. 4(m). Doc. 6 at 1. But, Magistrate Judge Teresa J. James extended plaintiff's deadline to June 19, 2018, because plaintiff paid his filing fee about two months after filing his Complaint. *Id.* Plaintiff did not

---

[1]  Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

meet the extended June 19 deadline to serve process. Doc. 7 at 1. So, the court required him to show good cause in writing, by July 11, 2018, why the court should not dismiss his case for failing to serve the Summons and Complaint by that deadline. *Id.*

On July 23, 2018, the court entered judgment dismissing plaintiff's Complaint without prejudice. Doc. 9. But, when it dismissed the Complaint, the court had overlooked a letter plaintiff had directed to the court. Doc. 10. The court had received the letter on July 12, 2018. *Id.* Though plaintiff's submission was not timely, the court nonetheless vacated its dismissal of plaintiff's action on August 31, 2018. Doc. 11. In its Order vacating its earlier dismissal, the court granted plaintiff another extension of time, giving him until October 1, 2018, to serve defendant. Doc. 12.

More than two weeks after this extended deadline, plaintiff still had not served defendant. Because plaintiff already had paid a filing fee for this action, the court granted him one final extension until November 17, 2018, to serve defendant. Doc. 13. But, as the court warned plaintiff, if he failed to serve defendant by the November 17 deadline, the court would dismiss his action without prejudice.

Again, plaintiff missed his court-mandated deadline. So, nearly a month after the November 17 deadline, the court dismissed plaintiff's action, as it had warned plaintiff it would do. *See* Doc. 15 (dated December 13, 2018). And, until plaintiff filed his most recent Motion (dated January 24, 2019), the docket reflected that plaintiff—after several deadline extensions— had failed to serve defendant.

**II.     Legal Standard**

Plaintiff's most recent filing cites no authority supporting his request. But, the court liberally construes his letter as a motion seeking relief under Federal Rule of Civil Procedure

2

60(b). Rule 60(b) permits a district court to relieve a party from a final judgment or order. A court may grant a Rule 60(b) motion on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But, relief under Rule 60(b) is "'extraordinary and may only be granted in exceptional circumstances.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). A Rule 60(b) motion is no substitute for a direct appeal, and a party may not revisit issues already presented in prior filings. *Id.*

### III. Analysis

Plaintiff asserts that he has tried, multiple times, to serve defendant. He contends that he "used certified mail to send a summons" to the offices of the United States Attorney for the District of Kansas, the United States Attorney General, and the Internal Revenue Service ("IRS").[2] Doc. 17 at 1; *see also id.* at 2–4. He also represents that he "received green cards back in the mail"—presumably, returns of service—from the offices of the United States Attorney and the United States Attorney General. Doc. 17 at 1. Plaintiff attaches copies of these "green card" returns of service, noting that he "needed to take [them] back to [the] Clerk's Office." *Id.* at 4.

---

[2] Plaintiff lists the "Attorney General of Kansas" as one recipient of the summonses he sent, but the copies of the returns of service he attaches to his motion show that he sent these summonses to the offices of the United States Attorney for the District of Kansas, as well as the United States Attorney General and the Internal Revenue Service. Doc. 17 at 2–4.

But, plaintiff asserts, he never received a return of service from the IRS. Plaintiff says he thrice attempted to mail summonses to the IRS, once using a different address.[3]

Applying Rule 60(b), plaintiff's Motion doesn't direct the court to any part of the record that demonstrates mistake, inadvertence, surprise, or *excusable* neglect. *See* Fed. R. Civ. P. 60(b)(1) (emphasis added). Here, plaintiff could have notified the court of his attempts to serve defendant. Plaintiff also introduces no newly *discovered* evidence. *See id.* at 60(b)(2) (emphasis added). He does not assert that defendant committed fraud, misrepresentation, or misconduct. *See id.* at 60(b)(3). And, he does not contend that the court's dismissal is void, already satisfied, based on a reversed or vacated judgment, or inequitable in its future application. *See id.* at 60(b)(4)–(5). Finally, plaintiff doesn't provide "any other reason that justifies relief," *id.* at 60(b)(6), that rises to the level of "'extraordinary circumstances'" warranting exercise of the court's "'broad authority to relieve a party from a[n] [order].'" *See Shepard v. Rangel*, 730 F. App'x 610, 614 (10th Cir. 2018) (explaining that courts may exercise this authority under Rule 60 "when 'necessary to accomplish justice' based on 'extraordinary circumstances'" (quoting *State Bank of S. Utah v. Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996))).

Plaintiff did not provide any information to the court about his service attempts during the months of multiple extensions that the court gave him. Had plaintiff notified the court about these attempts to serve process on defendant, the court's analysis may have been different. But, plaintiff waited more than two months after his final extended deadline—and more than one month after the court dismissed his case—to explain his failure to serve defendant. *See* Docs. 13, 15, & 16.

---

[3] Plaintiff includes copies of the Certified Mail receipts he received when he sent these summonses to the IRS. These receipts are dated June 19, 2018; September 20, 2018; and November 9, 2018. *See* Doc. 17 at 2–3.

In sum, plaintiff has received many chances to discharge an elemental step in prosecuting his suit. Still, one week shy of its first anniversary, plaintiff hadn't navigated his case even to the starting line. To reinstate the case under these circumstances would not honor the court's duties under Rule 1 of the Federal Rules of Civil Procedure. The court thus denies plaintiff's Motion seeking relief from the judgment in this case. *See* Docs. 15, 16.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion for Relief from Judgment" (Doc. 17) is denied.

**IT IS SO ORDERED.**

**Dated this 10th day of April, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**